UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

*Plaintiff-Appellee,*

v.

MEGA CONTRACTORS, INCORPORATED,
*Defendant-Appellant.*

No. 00-2058

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-99-798-3)

Argued: April 3, 2001

Decided: May 7, 2001

Before WILKINSON, Chief Judge, WILLIAMS, Circuit Judge,
and Frederic N. SMALKIN, United States District Judge
for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Steven David Brown, WILLIAMS, MULLEN, CLARK
& DOBBINS, P.C., Richmond, Virginia, for Appellant. Julie Loraine
Gantz, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Washington, D.C., for Appellee. **ON BRIEF:** King F. Tower, Aaron
S. Walters, WILLIAMS, MULLEN, CLARK & DOBBINS, P.C.,

Richmond, Virginia, for Appellant. C. Gregory Stewart, General Counsel, Philip B. Sklover, Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case requires us to decide if the district court abused its discretion in declining to award attorneys' fees to a prevailing defendant in a Title VII suit. Finding no abuse of discretion, we affirm.

Mega Contractors is a construction company that, among other things, manufactures asphalt. Al Tucker, an African American, was hired in August 1996 by Mega as the plant operator for the Skippers, Virginia asphalt plant. Tucker was terminated in October 1997 and filed a Title VII complaint with the Equal Employment Opportunity Commission (EEOC) in July 1998.

In August 1998, Mega responded to the EEOC's request for information. In that response, Mega explained that Tucker had been released due to lack of work resulting from the winter shutdown of the Skippers plant. In subsequent correspondence with the EEOC, Mega twice reiterated that Tucker was released due to lack of work. In April 2000, however, Mega came forward with a new explanation. Mega now claimed that Tucker was fired because of poor performance. Specifically, Mega claimed that Tucker had failed to adequately respond to an incident in October 1997 and that this had resulted in the loss of use of one of the two silos at the plant.

The EEOC believed this new justification, coming deep into the litigation and nineteen months after the initial explanation, raised the

possibility that both explanations were pretextual. Moreover, during its investigation, the EEOC uncovered other evidence that it believed supported Tucker's charge of racial discrimination. The EEOC thus filed suit, alleging that Mega violated Title VII by terminating and failing to rehire Tucker because of race. The district court denied Mega's motion for summary judgment. It also denied Mega's motion, filed at the close of the EEOC's evidence, for judgment as a matter of law. According to the district court, the shifting explanations provided by Mega suggested this was "a classical pretextual case." The district court later denied Mega's renewed motion for judgment as a matter of law and sent the case to the jury. The jury returned a verdict for Mega.

After the verdict was returned, Mega filed a motion for attorneys' fees. The district court denied this motion. According to the court, Mega was not entitled to an award of fees because the EEOC's case was not "frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (setting forth the standard for awarding fees). In support, the district court found that although the jury ultimately ruled for the defendant, "there was sufficient evidence for a reasonable factfinder to have rejected the defendant's nondiscriminatory explanation." This appeal followed.

It is axiomatic that a district court's decision regarding an award of attorneys' fees is reviewed for abuse of discretion. *See Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999); *Arnold v. Burger King Corp.*, 719 F.2d 63, 66 (4th Cir. 1983) ("[A]ssessment of frivolousness and attorneys' fees are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate factfinding."). This deference arises out of the realization that the "district court is in the best position to review the factual circumstances and render an informed judgment as it is intimately involved" with the proceedings in the case. *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 538 (4th Cir. 1990) (internal quotations omitted).

Here, the district court denied a motion for summary judgment and two motions for judgment as a matter of law. More importantly, after presiding over the trial and hearing all of the evidence, the court believed that a reasonable jury could find for the plaintiff. We are not

prepared to second-guess the district court's first-hand evaluation of the evidence. Under such circumstances, we cannot say that the district court abused its discretion in declining Mega's request for fees. Accordingly, the judgment of the district court is

*AFFIRMED*.